[No. C041191. Third Dist. Dec. 4, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
JEREMY DUT CHIU, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 976.1, the first two paragraphs of this opinion, along with section 3 of the Discussion and the Disposition, are certified for publication.

**COUNSEL**

Eric Weaver, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Carlos A. Martinez and Mathew Chan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DAVIS, J.**—A jury convicted defendant Jeremy Chiu of special circumstance murder and attempted robbery arising from one incident (counts one and two), and robbery, assault with a deadly weapon and evading a police officer arising from another incident (counts three, four and five). (Pen. Code, §§ 187, subd. (a), 190.2, subd. (a)(17), 664, 211, 245, subd. (a)(2);[1] Veh. Code, § 2800.2, subd. (a), respectively.) The jury also found that defendant personally discharged a firearm to commit the murder; this finding resulted in a 25-year-to-life sentence enhancement. (§ 12022.53, subd. (d).)

In the published portion of this opinion, we reject defendant's contention that his 25-year-to-life enhancement under section 12022.53 must be stricken because it is subsumed within his greater sentence of life without the possibility of parole. In the unpublished portions of this opinion, we reject defendant's additional contentions that the trial court prejudicially abused its discretion in failing to sever counts one and two from counts three through five, and in failing to remove irrelevant and inflammatory material from two taped jail conversations. Consequently, we affirm.

BACKGROUND[*]

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

DISCUSSION

**1., 2.**[*]

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

---

[1] Further undesignated section references are to the Penal Code unless otherwise noted.
[*] See footnote, *ante*, page 1260.

### 3. *Section* 12022.53 *Enhancement*

Defendant contends that his 25-year-to-life enhancement under section 12022.53 must be stricken because it is subsumed within his greater sentence of life without the possibility of parole (LWOP). We disagree.

Defendant was sentenced to an unstayed term of 16 years for the robbery and related offenses (counts three, four, and five), followed by an LWOP term plus the 25-year-to-life enhancement under section 12022.53 for the attempted robbery and murder offenses (counts one and two).

Section 12022.53 was enacted as part of the so-called 10-20-Life bill. (Assem. Bill No. 4 (1997–1998 Reg. Sess.).) ■ The statute imposes sentence enhancements for firearm use or discharge in the case of certain enumerated felonies such as murder, kidnapping, robbery and rape, or attempts to commit such felonies. If the defendant personally uses a firearm, the enhancement is 10 years. (§ 12022.53, subd. (b).) If the defendant intentionally and personally discharges a firearm, the enhancement is 20 years. (*Id.*, subd. (c).) If the defendant intentionally and personally discharges a firearm and proximately causes death or great bodily injury, the enhancement is 25 years to life. (*Id.*, subd. (d).)

■ The statute makes clear that these enhancements are to be added to the base term for the crime. Each of the three enhancement provisions of section 12022.53—that is, subdivisions (b), (c) and (d)—states in relevant part that "[n]otwithstanding any other provision of law," the defendant "*shall* be punished by *an additional and consecutive* term of imprisonment in the state prison for" 10 years, 20 years, or 25 years to life, as applicable. (§ 12022.53, subds. (b), (c), and (d) respectively, italics added.)

At issue here are subdivisions (d) and (j) of section 12022.53 (hereafter subdivision (d) and subdivision (j)). As noted, subdivision (d) sets forth the mandatory 25-year-to-life enhancement. The language of subdivision (j) was inserted as an amendment to the original bill. (Assembly Bill No. 4 (1997–1998 Reg. Sess.) § 2, as amended Sept. 10, 1997, formerly found in subdivision (m).) Subdivision (j) states: "For the penalties in this section to apply, the existence of any fact required under subdivision (b), (c), or (d) shall be alleged in the information or indictment and either admitted by the defendant in open court or found to be true by the trier of fact. When an enhancement specified in this section has been admitted or found to be true, the court shall impose punishment pursuant to this section rather than imposing punishment authorized under any other provision of law, unless another provision of law provides for a greater penalty or a longer term of imprisonment."

Relying on an appellate decision that was ordered depublished after briefing in this matter, defendant argues that under the plain language of subdivision (j), the 25-year-to-life enhancement of subdivision (d) does not apply here. Defendant notes that, pursuant to subdivision (j)'s language, there is "another provision of law"—section 190.2, subdivision (a)(17)(A) (the LWOP attempted robbery and murder provision)—that "provides for a greater penalty or a longer term of imprisonment." Consequently, the subdivision (d) 25-year enhancement must be stricken.

Unfortunately for defendant, his argument is trumped by the rules of grammar. Defendant focuses on the subdivision (j) language of "another provision of law" while ignoring the grammatical subject of the subdivision (j) sentence to which that language relates. The entire sentence at issue in subdivision (j) reads: "*When an enhancement specified in this section* has been admitted or found to be true, the court shall impose punishment pursuant to this section rather than imposing punishment authorized under any other provision of law, unless another provision of law provides for a greater penalty or a longer term of imprisonment." (Italics added.) The subject of this sentence, grammatically speaking, is the "enhancement specified in this section"—that is, one of the three applicable enhancements for firearm use or discharge specified in subdivisions (b) through (d). When one of those three enhancements for firearm use or discharge has been properly charged and found true, the court shall impose the applicable punishment under subdivision (b), (c), or (d), unless another provision of law provides for a greater penalty or a longer term of imprisonment *for that firearm use or discharge*, in line with that subject. The "greater penalty" part of subdivision (j) ensures that the "[n]otwithstanding any other provision of law" language in subdivisions (b) through (d) does not inadvertently supersede a law that would impose an even *greater* punishment on a defendant for employing a firearm in committing one of the enumerated crimes.

Defendant counters that there are no other enhancement provisions that currently provide greater punishment than subdivision (d), questioning anew subdivision (j)'s relevance in the subdivision (d) context. Assuming for the sake of argument this is true, subdivision (j) could be contemplating future, even more punitive legislation. In any event, section 12022.53, subdivision (a)(17), states specifically that the section 12022.53 enhancement applies to "[a]ny felony punishable by death or imprisonment in the state prison for life."

The progressive punishment set forth in the section 12022.53 enhancement aligns with how a firearm was employed in certain enumerated crimes. Defendant's argument would alter this focus by examining the punishment for the enumerated crime. If that punishment were greater than the applicable

section 12022.53 enhancement, that enhancement would be stricken in accord with subdivision (j). Defendant's argument, in effect, equates offenses and enhancements for punishment purposes. But the two are different. █ True to its namesake, an enhancement *enhances* the punishment for an offense. Here, for example, defendant's LWOP sentence is for murder in the course of the attempted robbery. (§ 190.2, subd. (a)(17)(A).) His enhancement covers his intentional and personal discharge of a firearm to carry out that attempted robbery murder. (§ 12022.53, subd. (d).) The two are not identical and both may be punished. (See *People v. Hutchins* (2001) 90 Cal.App.4th 1308, 1313–1315 [109 Cal.Rptr.2d 643]; see also § 1170.11.)

Section 12022.53's language shows the Legislature is serious about this enhancement being applied, unless an even greater enhancement-related punishment is legally available. Besides subdivision (j) itself and the "notwithstanding" language of subdivisions (b) through (d), there is subdivision (f), stating that the section 12022.53 enhancement is to be imposed in place of other specified applicable firearm enhancements, and subdivision (g), stating that probation shall not be granted to any person found to come within section 12022.53. And more importantly for our purposes, subdivision (h) specifies that "[n]otwithstanding [Penal Code] Section 1385 [judicial power to dismiss or strike action, enhancement or punishment] or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section." █ Thus, when the applicable factual predicate of firearm use or discharge is properly charged and found true, section 12022.53 must be applied, unless something even more punitive regarding that use or discharge is available under the law. (See also *People v. Hutchins, supra,* 90 Cal.App.4th at p. 1313.)

In the end, defendant's interpretation of subdivision (j) does away with the concept of *enhancement* and opts for a lesser, rather than a greater, punishment (theoretically speaking here, because of the LWOP sentence). This interpretation is not within the letter, and certainly not within the spirit, of section 12022.53. (See *People v. Garcia* (2002) 28 Cal.4th 1166, 1172 [124 Cal.Rptr.2d 464, 52 P.3d 648] [the legislative intent behind section 12022.53 is clear: substantially longer prison sentences must be imposed on felons who use firearms to commit crimes]; Stats. 1997, ch. 503, § 1.)

## DISPOSITION

The judgment is affirmed.

Scotland, P. J., and Morrison, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 18, 2004.