**UNITED STATES, Plaintiff–Appellee,**

v.

**Ty FOWLES, Defendant–Appellant.**

No. 06–50221.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2007.

Filed March 22, 2007.

Tallman, Circuit Judge, dissented and filed separate opinion.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Becky S. Walker, Esq., Adam D. Kamenstein, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael J. Treman, Esq., Attorney at Law, Santa Barbara, CA, for Defendant–Appellant.

Before: REINHARDT and TALLMAN, Circuit Judges, and WILKEN,* District Judge.

## MEMORANDUM **

Ty Fowles appeals from the 300–month sentence imposed following his guilty-plea conviction for racketeering and conspiracy to commit racketeering activities in violation of 18 U.S.C. § 1962. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for resentencing.

Fowles contends that the district court improperly considered a 1999 conviction for violating California Penal Code § 69 as a crime of violence in determining that he was eligible for sentencing as a career offender pursuant to United States Sentencing Guideline § 4B1.1. Fowles concedes that he meets all of the requirements for the increased sentencing under the career offender provision, except for the requirement that he have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1.

California Penal Code § 69 creates criminal liability for "[e]very person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty." The Sentencing Guideline defines crime of violence in relevant part as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2.

The government concedes that a conviction under California Penal Code § 69 does not categorically qualify as a "crime of violence." Therefore, the Court follows the modified categorical approach and looks to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" to determine whether the guilty plea necessarily establishes the elements of the enhancement statute. *Shepard v. United States,* 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

In *Leocal v. Ashcroft,* 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004), the Su-

---

* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

preme Court held that the term "use" in the definition of crime of violence "requires active employment" and "suggests a category of violent, active crimes."[1] *Id.* at 11, 125 S.Ct. 377. Therefore, the Court held that the definition of crime of violence does not encompass "accidental or negligent conduct." *Id.* at 11, 125 S.Ct. 377. Further, in *Fernandez–Ruiz v. Gonzales,* 466 F.3d 1121 (9th Cir.2006) (en banc), this Court held that "to constitute a federal crime of violence an offense must involve the intentional use of force against the person ... of another." *Id.* at 1132.

Here, the factual basis for Fowles' guilty plea to the California Penal Code § 69 offense enunciated by the prosecutor and confirmed by Fowles' attorney establishes only that Fowles "threatened to jump off [a] railing and had to be physically restrained," that he "forcibly resisted the officers in pulling him off the area he was trying to jump from" and "[i]n that process [an] officer was injured." Neither the fact that Fowles forcibly resisted the officers or the fact that an officer was injured "unequivocally" establishes that Fowles actively and intentionally directed physical force against the officers. *See United States v. Corona–Sanchez,* 291 F.3d 1201, 1211 (9th Cir.2002) (en banc), *superceded on other grounds* by U.S.S.G. § 2L1.2 cmt. n. 4 (2002). Therefore, the § 69 offense cannot be considered a conviction of a crime of violence that would make Fowles eligible for sentencing under the career offender provision. We remand for a new sentencing hearing[2].

REVERSED AND REMANDED.

TALLMAN, Circuit Judge, dissenting:

I respectfully dissent. Under the modified categorical approach, a common sense reading of the relevant judicially noticeable documents of Fowles's conviction—the charging document and the transcript of the plea proceeding—establish the requisite degree of intent to support sentencing Fowles under the career offender provision. Fowles pled guilty to a criminal complaint charging that he:

> willfully and unlawfully attempt[ed] by means of threat or violence to deter or prevent Lt. Cheney, CO Bell, CO Patton, CO Brown, when they were then and there executive officers from performing a duty imposed on these officers by law or [ ] knowingly resist[ed] by *use of force or violence* the executive officer[s] in the performance of their duty in violation of Penal Code section 69, a felony.

(emphasis added). Fowles conceded he "forcibly resisted the officers in pulling him off the area he was trying to jump from." In doing so, he injured an officer.

The relevant documents thus show that Fowles actively and intentionally used physical force against the correctional officers while resisting their efforts to restore order to the disturbance he had begun in the cellblock. Nothing in the documents

---

**1.** In *Leocal,* the Court was analyzing the definition of crime of violence under 18 U.S.C. § 16, not under the Sentencing Guidelines career offender provision. 18 U.S.C. § 16 defines a crime of violence, in relevant part, as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another," while the definition under the career offender provision limits crimes of violence to felony offenses that involve force against the person of another. However, these differences are not relevant to the present analysis.

**2.** Because we hold that the district court erred in sentencing Fowles as a career offender, we need not reach Fowles' argument that the district court erred in calculating his base offense level under the career offender provision by using a statutory maximum sentence of life imprisonment rather than twenty years.

suggests anything but intentional misbehavior. *See* U.S.S.G. § 4B1.2(a)(1). Unlike the majority, I refuse to parse "willfully," "knowingly," and "forcibly" out of Fowles's guilty plea. The district court correctly found that Fowles's violation of Penal Code section 69 is a crime of violence under the modified categorical approach enunciated in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and would support enhanced sentencing as a career offender under U.S.S.G. § 4B1.2(a)(1).