64 Cal.Rptr.3d 148 (2007)
42 Cal.4th 126
164 P.3d 578
The PEOPLE, Plaintiff and Respondent,
v.
Johnny A. IZAGUIRRE, Defendant and Appellant.
No. S132980.
Supreme Court of California.
August 16, 2007.
*149 Edward H. Schulman, under appointment by the Supreme Court, Northridge, for Defendant and Appellant.
Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, *150 Kristofer Jorstad, Jaime L. Fuster, Steven D. Matthews and David F. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.
BAXTER, J.
This is a companion case to People v. Sloan (Aug. 16, 2007, S132605) ___ Cal.4th ___, 64 Cal.Rptr.3d 137, 164 P.3d 568, 2007 WL 2325512 (Sloan), also filed today. Sloan holds that enhancement allegations may not be considered for purposes of the rule prohibiting multiple convictions based on necessarily included offenses, also referred to as the multiple conviction rule. (See People v. Pearson (1986) 42 Cal.3d 351, 228 Cal.Rptr. 509, 721 P.2d 595 (Pearson ).) The holding in Sloan is consistent with this court's recent decision in People v. Reed (2006) 38 Cal.4th 1224, 45 Cal. Rptr.3d 353, 137 P.3d 184 (Reed), which held that the legal elements test, rather than the accusatory pleading test, should be used in determining whether conviction of a charged offense is barred under the rule. Since enhancements are not legal elements of the offenses to which they attach, they are not considered in defining necessarily included offenses under that test.
Both this case and Sloan were decided in the Court of Appeal before we filed our decision in Reed, supra, 38 Cal.4th 1224, 45 Cal.Rptr.3d 353, 137 P.3d 184. The defendant in this matter raised an argument not considered in Reed. He argues that under the high court's decision in Apprendi v. New Jersey (2000) 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (Apprendi), as interpreted by this court in People v. Seel (2004) 34 Cal.4th 535, 21 Cal.Rptr.3d 179, 100 P.3d 870 (Seel) in the context of federal double jeopardy jurisprudence, enhancements must be treated as legal elements under the multiple conviction rule. We granted the petition for review to consider the argument, and his further assertion that certain firearm-related enhancements found true by the jury themselves must be stricken under the rule as necessarily included within his conviction of first degree, drive-by shooting murder.
As will be explained, defendant's arguments are without meritthe holdings in Apprendi, supra, 530 U.S. 466, 120 S.Ct. 2348, and Seel, supra, 34 Cal.4th 535, 21 Cal.Rptr.3d 179, 100 P.3d 870, are inapposite here and have no impact on the rule announced in Reed, supra, 38 Cal.4th 1224, 45 Cal.Rptr.3d 353, 137 P.3d 184. The judgment of the Court of Appeal, fully consistent with our decision in Reed, shall therefore be affirmed.

Facts and Procedural Background
The facts are not disputed. In the early hours of June 1, 2002, as four unarmed young men were leaving an after-prom party in East Los Angeles, three vehicles approached them. Words were exchanged, and some of the occupants of the cars displayed gang signs. Defendant, who was seated in the front passenger seat of one of the vehicles, urged the young men to come closer, and then fired several shots. Jose Bernal died as the result of a gunshot wound to the chest. Lionell Rivera sustained gunshot wounds to the arm and upper torso. Jose Chavez was hit in the arm, and a bullet grazed his mouth. Eric Garcia was not hit. Defendant was identified as the shooter by eyewitnesses, including two of the surviving victims and individuals who had been in the cars.
Following a jury trial, defendant was convicted of first degree murder with personal firearm use causing death, with a special circumstance found true that the murder was intentional and perpetrated by the discharge of a firearm from a motor vehicle. (Pen.Code, §§ 187, subd. (a), *151 12022.53, subd. (d), 190.2, subd. (a)(21).)[1] He was also convicted of three counts of willful, deliberate and premeditated attempted murder (§§ 187, subd. (a), 664), under one count of which it was found that he personally discharged a firearm, causing great bodily injury (§ 12022.53, subd. (d)), and under the remaining counts of which it was found that he personally discharged a firearm.(§ 12022.53, subd. (c)). He was sentenced to life in prison without the possibility of parole with a firearm enhancement of 25 years to life on the murder count, and to concurrent life terms, one with a 25-year-to-life firearm enhancement, and two with 20-year firearm enhancements, for the attempted murders.[2]
The Court of Appeal granted rehearing to consider defendant's claims that under Apprendi supra, 530 U.S. 466, 120 S.Ct. 2348, as interpreted by this court's recent decision in Seel, supra, 34 Cal.4th 535, 21 Cal.Rptr.3d 179, 100 P.3d 870, neither the firearm discharge enhancement under the murder count nor the firearm-related enhancements under the attempted murder counts could be imposed, and indeed should have been stricken rather than imposed or stayed, because they were all necessarily included within the conviction of first degree murder with a drive-by shooting special circumstance. In a modified opinion after rehearing, the Court of Appeal rejected defendant's claims. We granted his petition for review.

Discussion
Defendant argued in the Court of Appeal that the trial court was precluded from imposing the various firearm-related enhancements, whether attached to the murder count or attempted murder counts, and further, that the trial court at sentencing should have struck the enhancements rather than imposed or stayed them, because the fact of firearm use had already been established through his conviction of first degree, drive-by shooting murder.[3]
In this case, then, in contrast to the arguments and holding in Pearson, supra, 42 Cal.3d 351, 228 Cal.Rptr. 509, 721 P.2d 595, Reed, supra, 38 Cal.4th 1224, 45 Cal. Rptr.3d 353, 137 P.3d 184, Sloan, supra, ___ Cal.4th ___, 64 Cal.Rptr.3d 137, 164 P.3d 568, and other multiple-conviction-rule cases, defendant is arguing that enhancements themselves, rather than the convictions to which they attach, are subject to being struck under the multiple conviction rule. His argument is that, under Apprendi supra, 530 U.S. 466, 120 S.Ct. 2348, conduct enhancements are to be treated like offenses for purposes of fundamental due process, including the right to jury trial and the requirement of proof beyond a reasonable doubt. Based on this court's statement in Seel, supra, 34 Cal.4th 535, 21 Cal.Rptr.3d 179, 100 P.3d 870, that "`Apprendi treated the crime together with its sentence enhancement as the "functional equivalent" of a single "greater" crime'" (id. at p. 539, fn. 2, 120 S.Ct. 2348), defendant argues that conduct enhancements must be treated like necessarily included offenses for purposes of the multiple conviction rule.
As the Court of Appeal below observed, "In effect, [defendant] asks us to hold, *152 pursuant to Apprendi that when a defendant is convicted of first degree murder on a theory of drive-by shooting, a firearm discharge enhancement or firearm use enhancement can never be imposed, although found true by a jury beyond a reasonable doubt." The court went on to reject defendant's claim.[4]
Our decision in Reed, supra, 38 Cal.4th 1224, 45 Cal.Rptr.3d 353, 137 P.3d 184, explains that "Under the [legal] elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former. Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense, the latter is necessarily included in the former. [Citation.]" (Id. at pp. 1227-1228, 45 Cal.Rptr.3d 353, 137 P.3d 184.) Reed held that "Courts should consider the statutory elements and accusatory pleading in deciding whether a defendant received notice, and therefore may be convicted, of an uncharged crime, but only the statutory elements in deciding whether a defendant may be convicted of multiple charged crimes." (Id. at p. 1231, 45 Cal. Rptr.3d 353, 137 P.3d 184.) Here we are concerned with charged crimes and enhancements. The legal elements test, not the accusatory pleading test, applies.
We nonetheless had no occasion in Reed, supra, 38 Cal.4th 1224, 45 Cal.Rptr.3d 353, 137 P.3d 184, to consider defendant's argument that even under the legal elements test, Apprendi supra, 530 U.S. 466, 120 S.Ct. 2348, and Seel, supra, 34 Cal.4th 535, 21 Cal.Rptr.3d 179, 100 P.3d 870, together require conduct enhancements to be treated the same as legal elements for the purpose of defining necessarily included offenses under the multiple conviction rule. We agree with the Court of Appeal below that the argument is without merit.
In Apprendi supra, 530 U.S. 466, 120 S.Ct. 2348, the high court held that "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Id. at p. 490, 120 S.Ct. 2348.) The rule of Apprendi is grounded on the reasoning that "The federal Constitution requires the elements of a crime to be proved beyond a reasonable doubt because they expose the defendant to punishment; likewise, the elements of a sentence enhancement must be proved beyond a reasonable doubt if there is exposure to increased punishment. [Citation.]" (People v. Sengpadychith (2001) 26 Cal.4th 316, 325-326, 109 Cal. Rptr.2d 851, 27 P.3d 739.) The rule is compelled by the federal Constitution's Fifth Amendment right to due process and Sixth Amendment right to jury trial, made applicable to the states through the Fourteenth Amendment. (26 Cal.4th at p. 324, 109 Cal.Rptr.2d 851, 27 P.3d 739.) It is not grounded oh principles of federal double jeopardy protection.
Here, the firearm-related enhancements in question were submitted to the jury and *153 found true beyond a reasonable doubt. But, defendant argues, Apprendi requires more under this court's interpretation of that decision in Seel.
In Seel, supra, 34 Cal.4th 535, 21 Cal. Rptr.3d 179, 100 P.3d 870, the defendant was convicted by a jury of attempted premeditated murder (§§ 664, subd. (a), 187, subd. (a)), and was found to have personally and intentionally discharged a firearm in connection with that offense. (§ 12022.53, subd. (c).) He argued on appeal that there was no substantial evidence of premeditation or deliberation. The Court of Appeal agreed, concluding the finding of premeditation and deliberation had to be reversed, but further concluding the matter could be remanded for retrial on the penalty allegation under this court's holding in People v. Bright (1996) 12 Cal.4th 652, 671, 49 Cal.Rptr.2d 732, 909 P.2d 1354 (Bright). We granted review in Seel to consider the effect of Apprendi on our holding in Brightthat under the federal double jeopardy clause, a section 664, subdivision (a) allegation prescribing a greater punishment for an attempt to commit murder that is "willful, deliberate, and premeditated" merely constitutes a penalty provision, to which double jeopardy protection does not attach.
Seel, supra, 34 Cal.4th 535, 21 Cal. Rptr.3d 179, 100 P.3d 870, disapproved Bright, supra, 12 Cal.4th 652, 49 Cal. Rptr.2d 732, 909 P.2d 1354, on the double jeopardy point, observing that in Apprendi the high court stated, "`[W]hen the term "sentence enhancement" is used to describe an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict.' ([Apprendi, supra, 530 U.S.] at p. 494, fn. 19 [120 S.Ct. 2348].)" (Seel, supra, 34 Cal.4th at pp. 546-547, 21 Cal.Rptr.3d 179, 100 P.3d 870.) We reasoned in Seel that because the premeditation allegation (§ 664, subd. (a)), though designated a penalty provision in Bright, supra, 12 Cal.4th at page 669, 49 Cal.Rptr.2d 732, 909 P.2d 1354, "goes precisely to what happened in the `commission of the offense'" (Apprendi, supra, 530 U.S. at p. 496, 120 S.Ct. 2348) and effectively placed the defendant in jeopardy for an "offense" greater than attempted murder (id., at p. 494, fn. 19, 120 S.Ct. 2348), the Court of Appeal's finding of evidentially insufficiency barred retrial of the allegation under the federal double jeopardy clause. (Seel, supra, 34 Cal.4th at pp. 548-549, 21 Cal.Rptr.3d 179, 100 P.3d 870.)
As defendant's argument goes here, under Apprendi, supra, 530 U.S. 466, 120 S.Ct. 2348, conduct enhancements are treated like offenses for purposes of fundamental due process, including the right to jury trial and the requirement of proof beyond a reasonable doubt. Based on Seel's statement that "`Apprendi treated the crime together with its sentence enhancement as the "functional equivalent" of a single "greater" crime'" (Seel, supra, 34 Cal.4th at p. 539, fn. 2, 21 Cal.Rptr.3d 179, 100 P.3d 870), such enhancements must now be treated like criminal offenses for purposes of sections 954 and 654, and the multiple conviction rule. Defendant therefore claims the firearm-related enhancements alleged and found true under the murder and attempted murder counts are necessarily included within the offense of first degree, drive-by shooting murder and must be struck under the multiple conviction rule, even though they are not necessarily included offenses, and regardless of whether they were actually imposed as punishment at sentencing.
We disagree with defendant. Apprendi, supra, 530 U.S. 466, 120 S.Ct. 2348, and Seel, supra, 34 Cal.4th 535, 21 Cal.Rptr.3d 179, 100 P.3d 870, are inapposite *154 to the issue posed herewhether enhancement allegations may be considered in defining necessarily included offenses for purposes of the multiple conviction rule. To the extent the firearm-related enhancements in question stood to increase punishment, Apprendi's holding, grounded on the Fifth Amendment right to due process and Sixth Amendment right to jury trial, requires only that they be tried to a jury and found true beyond a reasonable doubt, which they were. Defendant's argument overlooks the fact that the aspect of federal double jeopardy protection at issue in Seel is not implicated in this case. As explained in Sloan, "`[t]he Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." [Citation.]' (Brown v. Ohio (1977) 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187, italics added.) The first two categories of protection afforded by the double jeopardy clause ... are ... not implicated here...." (Sloan, supra, ___ Cal.4th at pp. ___-___, 64 Cal.Rptr.3d at pp. 145-146, 164 P.3d at p. 575.)
The first category of double jeopardy protection, the prohibition against a second prosecution for the same offense after acquittal, is the constitutional provision that was directly implicated in Seel, supra, 34 Cal.4th 535, 21 Cal.Rptr.3d 179, 100 P.3d 870. In light of Apprendi's holding that enhancements that increase punishment must be treated as elements of an offense for purposes of Fifth and Sixth Amendment protection, we concluded in Seel, with regard to a second prosecution after acquittal, that our earlier holding in Bright, supra, 12 Cal.4th 652, 49 Cal. Rptr.2d 732, 909 P.2d 1354that a section 664, subdivision (a) allegation, prescribing a greater punishment for an attempt to commit murder that is willful, deliberate, and premeditated, merely constitutes a penalty provision to which federal double jeopardy protection pertaining to retrial does not attachmust be disapproved.
Our decision in Seel supra, 34 Cal.4th 535, 21 Cal.Rptr.3d 179, 100 P.3d 870, explains that, "In contrast to a prior conviction allegation, a section [664, subdivision (a) ] allegation requires the trier of fact to determine whether `the attempted murder was willful, deliberate, and premeditated' before imposing the term of life imprisonment with the possibility of parole. `The defendant's intent in committing a crime is perhaps as close as one might hope to come to a core criminal offense "element.'" (Apprendi supra, 530 U.S. at p. 493 [120 S.Ct. 2348].)" (Seel, at p. 549, 21 Cal.Rptr.3d 179, 100 P.3d 870.) We concluded the section 664, subdivision (a) allegation effectively placed the defendant in jeopardy for an "offense" greater than attempted murder, that it was tantamount to an element of the offense for purposes of Fifth and Sixth Amendment analysis under Apprendi and that the Court of Appeal's finding of evidentiary insufficiency with respect to that "element" implicated the double jeopardy protection against retrial for the same offense after acquittal. (Seel, supra, 34 Cal.4th at pp. 548-549, 21 Cal.Rptr.3d 179, 100 P.3d 870, citing Apprendi supra, 530 U.S. at p. 494, fn. 19, 120 S.Ct. 2348.)
Here, in contrast, the firearm-related enhancements did not serve to further characterize defendant's intent in committing the drive-by shooting murder and attempted murders, nor effectively place defendant in jeopardy for an "offense" greater than the murder or the attempted murders with which he was charged, as was the case with the section 664, subdivision (a) enhancement in Seel. The rule of Reed, supra, 38 Cal.4th 1224, 45 Cal. *155 Rptr.3d 353, 137 P.3d 184, barring consideration of enhancements in defining necessarily included charged offenses under the multiple conviction rule does not implicate the double jeopardy clause's protection against a second prosecution for the same offense after acquittal or conviction. We are not here concerned with a retrial or "second prosecution," but instead with a unitary trial in which section 954 expressly permits conviction of more than one crime arising out of the same act or course of conduct. The exception to section 954 created in Pearson, supra, 42 Cal.3d 351, 228 Cal.Rptr. 509, 721 P.2d 595, was specifically addressed to convictions of necessarily included offenses in a unitary proceeding that could lead to improper multiple punishments in contravention of section 654, not multiple enhancements expressly authorized under other sentencing provisions.[5] Nor does defendant's claim that these conduct enhancements are the functional equivalent of completed offenses or convictions for purposes of the multiple conviction rule find any support in the case law. Conduct enhancements cannot be imposed standing alone as additional punishment. By definition, an enhancement is "an additional term of imprisonment added to the base term." (Cal. Rules of Court, rule 4.405(3); People v. Jefferson (1999) 21 Cal.4th 86, 101, 86 Cal.Rptr.2d 893, 980 P.2d 441.) For that reason alone, an enhancement cannot be equated with an offense. (See People v. Chiu (2003) 113 Cal.App.4th 1260, 1265, 7 Cal.Rptr.3d 193.)
To the extent defendant claims enhancements should be considered when applying the multiple conviction rule to charged offenses, our holding in Reed, supra, 38 Cal.4th 1224, 45 Cal.Rptr.3d 353, 137 P.3d 184, controls. They may not. Beyond that, Apprendi supra, 530 U.S. 466, 120 S.Ct. 2348, requires only that the firearm-related enhancements below had to be found true by a jury beyond a reasonable doubt, which they were. Seel's interpretation of the scope of the holding in Apprendi pertained to an aspect of federal double jeopardy protectionprotection against a second prosecution for the same offense after acquittalthat is not implicated in this case. (Seel, supra, 34 Cal.4th at pp. 548-549, 21 Cal.Rptr.3d 179, 100 P.3d 870.)

Conclusion
The judgment of the Court of Appeal is affirmed, and the matter remanded to that court for further proceedings consistent with the views expressed herein.
WE CONCUR: GEORGE, C.J., KENNARD, WERDEGAR, CHIN, MORENO, and CORRIGAN, J J.
NOTES
[1] All further statutory references are to the Penal Code.
[2] Additional enhancements unrelated to defendant's claims under the multiple conviction rule were also found true; some were stayed, some were struck by the Court of Appeal on unrelated grounds.
[3] In view of defendant's life without possibility of parole sentence for first degree, drive-by special-circumstance murder, his claim under the multiple conviction rule, as a practical matter, is moot.
[4] Reed, supra, 38 Cal.4th 1224, 45 Cal.Rptr.3d 353, 137 P.3d 184, which held that the accusatory pleading test is not applicable in this context, had not yet been decided. However, in People v. Wolcott (1983) 34 Cal.3d 92, 192 Cal.Rptr. 748, 665 P.2d 520, this court held that enhancements are not considered part of the accusatory pleading to begin with. (Id. at pp. 96, 100-101, 192 Cal.Rptr. 748, 665 P.2d 520.) Arguably, Wolcott itself resolves the issue in this case and Sloan, but defendants in both cases seek to distinguish Wolcott on the ground it involved the specific question whether enhancement allegations should be taken into account when identifying necessarily included offenses for which sua sponte instructions must be given.
[5] Section 12022.53, the statute authorizing the firearm-related enhancements here at is, sue (id., subds. (b) through (d)), itself contains provisions specifically addressed to the matter of multiple punishments arising from imposition of those enhancements. (Id., subds. (f) through (j).)