UNITED STATES of America,
Plaintiff—Appellee,

v.

Ty FOWLES, Defendant—Appellant.

No. 08–50194.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 2009.

Filed May 5, 2009.

Kevin M. Lally, Esquire, Assistant U.S. Attorney, Michael J. Raphael, Esquire, Assistant U.S. Attorney, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael J. Treman, Esquire, Attorney at Law, Santa Barbara, CA, for Defendant–Appellant.

Before: FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

### MEMORANDUM*

Ty Fowles appeals his sentence after his guilty plea to Racketeer Influenced and Corrupt Organizations Act (RICO) charges. *See* 18 U.S.C. § 1962. We vacate and remand.

Fowles asserts that upon resentencing[1] the district court erred in calculating his sentence range under the Sentencing Guidelines[2] when it decided that the maximum sentence for the crime of attempted

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See United States v. Fowles,* 225 Fed.Appx. 713, 714–15 (9th Cir.2007) (unpublished).

2. *See* USSG §§ 2E1.1, 4B1.1. All references to the Sentencing Guidelines are to the November 1, 1998, version.

murder under the law of the State of California was life imprisonment.[3] We agree.

California law makes it clear that for the life sentence punishment to apply, the indictment must charge "premeditation" and that must be "admitted or found to be true by the trier of fact." Cal.Penal Code § 664(a); *see also People v. Izaguirre*, 42 Cal.4th 126, 132, 164 P.3d 578, 581, 64 Cal.Rptr.3d 148, 153 (2007); *People v. Seel*, 34 Cal.4th 535, 548–49, 100 P.3d 870, 877–78, 21 Cal.Rptr.3d 179, 188 (2004); *cf. Jones v. Smith*, 231 F.3d 1227, 1236 (9th Cir.2000). In this case, the indictment did not charge premeditation,[4] nor did Fowles admit that he had premeditated. That being so, the maximum possible sentence for a RICO violation was twenty years, rather than life imprisonment. *See* 18 U.S.C. § 1963(a).

The parties spill a good deal of ink on the questions of whether for career offender purposes[5] the attempted murder charge could be considered at all after the first remand from this court, and whether that charge could form both a predicate act for RICO purposes and a conviction for career offender purposes. But those questions are of no significance because, in light of the above, the RICO sentencing calculation yields a higher Guideline range than would the career offender calculation. The parties do not disagree about that. Therefore, the RICO calculation must be used. *See* USSG § 4B1.1.

In short, the district court erred when it determined that the maximum possible sentence was incarceration for life and, in reliance upon that error, sentenced Fowles to concurrent terms of 275 months impris-

onment, a period beyond the RICO Guideline range of 188–235 months.

We must, therefore, vacate the sentence and remand for resentencing upon an open record. *See United States v. Matthews*, 278 F.3d 880, 885 (9th Cir.2002) (en banc).

VACATED and REMANDED.

---

3. *See* Cal.Penal Code § 664(a).

4. In fact, the indictment referred to California's general murder provision. *See* Cal.Penal Code § 187. It failed to refer to the provision regarding willful, deliberate, and premeditated murder. *See* Cal.Penal Code § 189.

