Filed 12/15/14  P. v. Hayden CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WINZER DEANDRE HAYDEN,<br><br>    Defendant and Appellant. | C074993<br><br>(Super. Ct. No. 12F04903) |

Defendant Winzer Deandre Hayden shot Wesley Wheeler dead after Wheeler had been fighting with one of defendant's relatives.  A jury found defendant guilty of Wheeler's first degree murder and found that he personally and intentionally discharged the firearm, causing death.  The court sentenced him to 25 years in prison for the murder and a consecutive 25 years for the gun use enhancement.

On appeal, defendant raises the following three contentions:  (1) the instructions regarding the provocation to reduce first degree murder to second degree murder were wrong because they implied an objective standard; (2) the trial court erred when it denied

1

his motion to represent himself; and (3) the trial court erred in sentencing him for both the murder and the gun use enhancement. We disagree, holding: (1) the instructions were correct, as another appellate court has also found in a recent published opinion; (2) the court did not abuse its discretion in denying defendant's untimely motion to represent himself that came on the day of sentencing and was made just after the court's denial of his motion to replace appointed counsel; and (3) the California Supreme Court has specifically rejected defendant's sentencing argument. We therefore affirm.

DISCUSSION

I

*The Jury Instructions Correctly Told The Jury Of The Subjective Standard*

*To Reduce First Degree Murder To Second Degree*

Defendant contends that the standard jury instructions erroneously told the jury that provocation must be reasonable to reduce first degree murder to second degree murder. Defendant's argument focuses on two instructions given here, CALCRIM Nos. 522 (provocation and its effect on the degree of murder) and 570 (voluntary manslaughter: heat of passion). We disagree with defendant's reading of the instructions, as has a recent published opinion, which we follow.

A

*Instructions Given Here*

The jury was instructed pursuant to CALCRIM No. 521, which stated in pertinent part that the mental state required for first degree murder was met "if the People have proved [defendant] acted willfully, deliberately, and with premeditation. The defendant acted willfully if he intended to kill. The defendant acted deliberate[ly] if he carefully weighed the considerations for and against the choice and knowing the consequences decided to kill. A defendant acted with premeditation if he decided to kill before completing the acts that caused death." "A decision to kill made rashly, impulsively or without careful consideration is not deliberate and premeditated." "The People have the

2

burden of proving beyond a reasonable doubt that the killing was first-degree rather than a lesser crime. If the People have not met this burden, you must find the defendant not guilty of first-degree murder."

The jury was instructed on provocation pursuant to CALCRIM No. 522, which stated in pertinent part as follows: "[P]rovocation may reduce a murder from first degree to second degree and may reduce a murder to manslaughter."

The jury was also instructed on voluntary manslaughter pursuant to CALCRIM No. 570, which stated in pertinent part as follows: "A killing that would otherwise be murder is reduced to voluntary manslaughter if the defendant killed someone because of a sudden quarrel or in the heat of passion. [¶] The defendant killed someone because of a sudden quarrel or in the heat of passion if: [¶] 1. The defendant was provoked; [¶] 2. As a result of the provocation, the defendant acted rashly and under the influence of intense emotion [that] obscured his reasoning or judgment; and [¶] 3. The provocation would have caused a person of average disposition to act rashly and without due deliberations, that is, from passion rather than from judgment." "It is not enough that the defendant simply was provoked. The defendant is not allowed to set up his own standard of conduct. [¶] In deciding whether the provocation is sufficient, consider whether a person's average disposition in the same situation and knowing the same facts would have reacted from passion rather than from judgment." "The People have the burden of proving beyond a reasonable doubt that the defendant did not kill as the result of a sudden quarrel or in the heat of passion. If the People have not met this burden, you must find the defendant not guilty of murder."

B

*The Instructions Were Correct*

Provocation is an element of " 'heat of passion' " voluntary manslaughter. " '[T]he factor which distinguishes the "heat of passion" form of voluntary manslaughter from murder is provocation . . . .' " (*People v. Moye* (2009) 47 Cal.4th 537, 549-550.)

3

To reduce a murder to voluntary manslaughter, the provocation must meet an objective standard of reasonableness. "Objectively, the victim's conduct must have been sufficiently provocative to cause an ordinary person of average disposition to act rashly or without due deliberation and reflection." (*People v. Enraca* (2012) 53 Cal.4th 735, 759.)

However, the provocation necessary to reduce first degree murder to second degree murder does not have to pass an objective test. (*People v. Fitzpatrick* (1992) 2 Cal.App.4th 1285, 1295-1296.) "The issue is whether the provocation precluded the defendant from deliberating. [Citation.] This requires a determination of the defendant's subjective state." (*Id.* at p. 1295.)

Defendant notes that CALCRIM No. 570 specifically provided that provocation must meet a reasonable person standard for the purpose of reducing murder to manslaughter. Defendant therefore argues that the jury would have concluded that provocation must likewise meet a reasonable person standard for the purpose of reducing first degree murder to second degree murder.

Recently, in *People v. Jones* (2014) 223 Cal.App.4th 995, the Second Appellate District, Division Four, rejected a similar argument. It stated as follows: "[T]he instructions are correct. They accurately inform the jury what is required for first degree murder, and that if the defendant's action was in fact the result of provocation, that level of crime was not committed. CALCRIM Nos. 521 and 522, taken together, informed jurors that 'provocation . . . can give rise to a rash, impulsive decision, and this in turn shows no premeditation and deliberation.' [Citation.] As the jury also was instructed, a reduction of murder to voluntary manslaughter requires more. It is here, and only here, that the jury is instructed that provocation alone is not enough for the reduction; the provocation must be sufficient to cause a person of average disposition in the same situation, knowing the same facts, to have reacted from passion rather than judgment." (*Jones*, at p. 1001.) We likewise reject defendant's contention.

4

## II

*The Court Acted Well Within Its Discretion When It Denied*

*Defendant's Untimely Motion To Represent Himself*

On the day set for sentencing, October 17, 2013, defendant first asked the court to appoint him new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. The court held a hearing and denied that request.

Immediately after the court's denial, defendant asked to represent himself pursuant to *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562]. He also asked for "a couple . . . weeks" continuance to get ready for the sentencing hearing.

The court denied defendant's request to represent himself, finding the following: defense counsel was a "competent attorney"; defendant's motion to represent himself was untimely; the motion was "ma[de] . . . rashly out of disappointment for not getting [his] [motion to substitute new counsel] granted"; and the motion was disruptive to the proceedings.

We find no abuse of discretion in the trial court's denial of defendant's untimely request to represent himself. (See *People v. Doolin* (2009) 45 Cal.4th 390, 454-455 [a defendant's motion to represent himself that came at the time of sentencing was "manifestly untimely"; *People v. Ruiz* (1983) 142 Cal.App.3d, 780, 792 [an untimely self-representation request is committed to the trial court's sound discretion].)

The trial court considered the appropriate factors when denying the motion, which included here, "the quality of counsel's representation"; " the reasons for the request"; "the length and stage of the proceedings"; and "the disruption or delay which might reasonably be expected to follow the granting of such a motion." (*People v. Windham* (1977) 19 Cal.3d 121, 127-128.) The court specifically found defense counsel was competent; the motion was "ma[de] . . . rashly out of disappointment for not getting [defendant's] [motion to substitute new counsel] granted"; and the motion was disruptive to the proceedings, because it was made on the day set for sentencing, although defendant

5

had known about the sentencing date for approximately one month. Based on the presence of these *Windham* factors that the court considered, we find no abuse of discretion.

III

*The California Supreme Court Has Rejected Defendant's Sentencing Contention*

The trial court sentenced defendant to a term of 25 years to life for the first degree murder conviction and a consecutive term of 25 years to life for the gun use enhancement. Defendant contends the trial court violated double jeopardy principles in imposing a sentence for the crime and a sentence for the enhancement.

Defendant concedes that his argument has been rejected by the California Supreme Court (*People v. Sloan* (2007) 42 Cal.4th 110, 115-123; *People v. Izaguirre* (2007) 42 Cal.4th 126, 130-134), and we are bound by its decisions (*Auto Equity Sales v. Superior Court* (1962) 57 Cal.2d 450, 455). Accordingly, we reject defendant's contention.

DISPOSITION

The judgment is affirmed.

        ROBIE        , Acting P. J.

We concur:

        MURRAY        , J.

        HOCH        , J.