Filed 6/15/16  P. v. Banks CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B260181 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA426186) |
| v. | |
| STEPHEN RICARDO BANKS, | |
| Defendant and Appellant. | |
| In re | B266129 |
| STEPHEN RICARDO BANKS, | |
| on | |
| Habeas Corpus. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Monica Bachner, Judge.  Convictions affirmed.  Remanded for resentencing.  Habeas corpus petition denied.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

Defendant and appellant, Stephen Ricardo Banks, raises contentions of sentencing error in connection with his convictions of murder, assault with a semiautomatic firearm, and felon in possession of a firearm (Pen. Code, §§ 187, 245, subd. (b), 29800).[1] Banks has also filed an accompanying habeas corpus petition.

For the reasons discussed below, we affirm Banks's convictions, vacate his sentence, remand to the trial court for resentencing, and deny his habeas corpus petition.

## BACKGROUND

1. *The Current Convictions.*

Viewed in accordance with the usual rules of appellate review (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206), the evidence established the following.

During the night of May 18-19, 2013, a shooting occurred at an after-hours Los Angeles night club called "Shuboone."[2] The prosecution's theory was that the shooting was the culmination of hostilities between Banks and Anthony Bucknor regarding the mother of Bucknor's child. Earlier that night, Bucknor and Banks had argued at a club called the "Hideaway." Banks was in the company of a woman at both clubs, and the prosecution's theory was that the woman hid a gun on her person and slipped it to Banks at the Shuboone. At some point that night, a fight erupted at the Shuboone, the lights went out, and shots were fired. Bucknor was fatally injured and his companion, Karena Collins, was wounded. At Banks's trial, the defense argued mistaken identification.

In October 2014, a jury found Banks guilty of first degree murder, assault with a semiautomatic firearm, and felon in possession of a firearm, with firearm use and on-bail enhancements. On November 12, 2014, the trial court imposed the following sentence. On count 1, the first degree murder conviction, the trial court took the 25-years-to-life sentence for first degree murder (§ 190, subd. (a)) and tripled it under the Three Strikes

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

[2]    Due to the nature of the issues raised on appeal, we provide only a minimal description of the events underlying Banks's current convictions. (See *People v. White* (1997) 55 Cal.App.4th 914, 916, fn. 2.)

law.  (§ 667, subd. (e).)[3]  To this 75-years-to-life term, the trial court added a 25-years-to-life term for the firearm enhancement (§ 12022.53, subd. (d)), as well as an additional two years for an on-bail enhancement (§ 12022.1), for a total term of 102 years to life on count 1.  On count 2, the trial court imposed a concurrent term of 31 years to life, consisting of an indeterminate term of 25 years to life for the assault with a semiautomatic firearm (§ 245, subd. (b)), plus four years for a firearm enhancement (§ 12022.5), plus two years for the on-bail enhancement.  On count 3, felon in possession of a firearm (§ 29800), the trial court imposed a consecutive term of two years for the conviction, doubled to four years under the Three Strikes law, plus two years for the on-bail enhancement for a consecutive six years.  Banks's total effective sentence was 108 years to life.

2. *The Prior Convictions.*

More relevant to the claims raised in Banks's appeal and habeas corpus petition are the facts surrounding his July 1996 convictions of forcible oral copulation and forcible oral copulation in concert (§ 288a, subds. (c) and (d)), which convictions were

---

[3]  Section 667, subdivision (e) provides:  "For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has one or more prior serious and/or violent felony convictions:  [¶]  (1) If a defendant has one prior serious and/or violent felony conviction as defined in subdivision (d) that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction.  [¶]  (2)(A) Except as provided in subparagraph (C), if a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (d) that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greatest of:  [¶]  (i) Three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior serious and/or violent felony convictions.  [¶] (ii) Imprisonment in the state prison for 25 years.  [¶]  (iii) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046."

affirmed in *People v. Banks* (B104181), unpub. decision filed April 17, 1997 (Turner, P.J. with Armstrong & Godoy Perez, JJ.).  The facts of that earlier case are as follows.

In 1995, 19-year-old Lanida C. was a student at Los Angeles City College, where she met Rob McHenry, a fellow student.  One night, McHenry came to Lanida's apartment and got her to leave with him in a car.  McHenry was being somewhat rough with her, but Lanida was not initially concerned because she thought he was joking around.  McHenry drove Lanida to an apartment building and ordered her out of the car.  Inside the apartment were Banks and a woman.  McHenry pushed Lanida onto a mattress in the living room and said, " 'Why are you being so difficult?' "  McHenry began to kiss and fondle her, but Lanida protested, struggled, and told McHenry that she was menstruating.  McHenry pulled her off the mattress and into another room, where he closed the door and pushed her onto a bed.  He forcibly removed her clothing, attempted an act of forced anal intercourse, and then forced her to orally copulate him.  McHenry then got up and left the room.

McHenry quickly returned to the room accompanied by Banks.  When Lanida ignored McHenry's directive to say hello to Banks, McHenry hit her in the back of the head.  When she refused McHenry's directive to hug Banks, McHenry slapped her on the head, pushed her down onto the bed, and told her to " 'Do whatever he says.' "  McHenry then told Banks, " 'You can't fuck her because she's on her period.' "  As he was leaving the room once again, McHenry turned the light out and told Lanida she had to do anything Banks said " 'because you don't want me to come back in here.' "  After McHenry left, Banks told Lanida to kiss him and, when she hesitated, he said, " 'You don't want [McHenry] to come back in here.' "  Banks then forced Lanida to orally copulate him.  Eventually, Banks and McHenry drove Lanida home.

**CONTENTIONS**

Banks contends:  (1) the trial court improperly sentenced him as a third striker under the Three Strikes law, when he should have been sentenced only as a second-striker; (2) the trial court improperly imposed three on-bail enhancements when it should

have imposed only one; and, (3) he was improperly convicted and sentenced for both murder and a firearm enhancement.

## DISCUSSION

1. *Banks's Three Strikes Sentence Must Be Reversed.*

Banks contends, and the Attorney General properly concedes, that the trial court erred by imposing a Three Strikes sentence on the theory that Banks's crimes against Lanida constituted two acts rather than merely one act.

The information (as amended) alleged Banks had suffered two prior strikes arising from the case in which he was convicted of sexually assaulting Lanida: one prior for having committed forcible oral copulation (§ 288a, subd. (c)), and a second prior for having committed forcible oral copulation in concert (§ 288a, subd. (d)). Upon advice of counsel, Banks admitted the truth of these two prior serious felony conviction allegations during the bifurcated portion of his trial.[4] However, apparently undetected by defense counsel, the prosecution's sentencing memorandum gave a description of the assault on Lanida which mistakenly *switched the roles* of the two perpetrators. That is, the sentencing memorandum had Banks driving Lanida to the apartment, assaulting her initially, and then aiding the subsequent sexual assault by "a second suspect." It was apparently on this basis – i.e., believing that Banks's two prior strikes arose out of two different acts (the initial assault on Lanida and then coercing her into submitting to a sexual assault by a second man) – that the trial court on November 12, 2014, tripled the count 1 murder sentence from 25 years to life to 75 years to life.

As the Attorney General acknowledges, there was a fundamental factual problem: "Here, the prosecutor and defense counsel believed appellant's 1996 strike convictions

---

[4]     Banks raises the issue discussed here within the context of an ineffective assistance of counsel claim both in his opening brief on appeal and in his accompanying habeas corpus petition. However, as this is essentially a claim that Banks was given an unauthorized sentence, we can address the issue directly. (See *People v. Hamed* (2013) 221 Cal.App.4th 928, 941 [unauthorized sentence may be corrected even when raised for first time on appeal].) Hence, we need not address the ineffective assistance of counsel claim in the opening brief, and we will deny Banks's habeas corpus petition as moot.

5

involved two distinct criminal acts committed in a single course of conduct: one act of forcible oral copulation involving appellant and a second act of forcible oral copulation in concert involving appellant and 'Mr. McHenry,' the second suspect. It appears they were mistaken about each man's role."

There was, as well, a fundamental legal problem because on July 10, 2014, our Supreme Court held, in *People v. Vargas* (2014) 59 Cal.4th 635, 637, that "two prior convictions arising out of a single act against a single victim [cannot] constitute two strikes under the Three Strikes law." *Vargas* said: "Defendant's two prior felony convictions—one for robbery and one for carjacking—were not only tried in the same proceeding and committed during the same course of criminal conduct, they were based on the same act, committed at the same time, against the same victim. As we explain, because neither the electorate (§ 1170.12) nor the Legislature (§ 667, subds. (b)-(i)) could have intended that both such prior convictions would qualify as separate strikes under the Three Strikes law, treating them as separate strikes is inconsistent with the spirit of the Three Strikes law, and the trial court should have dismissed one of them and sentenced defendant as if she had only one, not two, qualifying strike convictions." (*Id*. at pp. 638-639.)

Hence, the Attorney General properly concedes that "[u]nder *Vargas*, appellant was entitled to have one of the two strike convictions dismissed" because his "convictions in 1996 for forcible oral copulation and forcible oral copulation in concert were not based on separate criminal acts involving two forcible oral copulations, but on a 'single act' of forcible oral copulation."

We will vacate Banks's sentence on count 1 and remand to the trial court for resentencing.

2. *Two of Banks's On-Bail Enhancements Must Be Stricken.*

At the time he committed the crimes in this case, Banks had been released from custody and was on bail in another case (BA408818). As a result, the trial court imposed on-bail enhancements on his three current convictions pursuant to section 12022.1.

6

Banks contends, and the Attorney General properly concedes, that the trial court erred by imposing an on-bail enhancement on each of the three counts for which Banks was convicted. The court should have imposed the on-bail enhancement only once.

Section 12022.1 is the so-called "on-bail enhancement." Section 12022.1, subdivision (b), provides: "Any person arrested for a secondary offense that was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years, which shall be served consecutive to any other term imposed by the court." The trial court here imposed a two-year on-bail enhancement *for each current conviction*. This was error because a single primary offense does not support multiple on-bail enhancements, one for each secondary offense; rather, a single primary offense supports only a single on-bail enhancement for all of the secondary offenses committed while the defendant was out of custody on that primary offense. (See *People v. Augborne* (2002) 104 Cal.App.4th 362, 377 ["Enhancements which describe the nature of the offender such as those pursuant to section 12022.1 are imposed only once in a particular case."]; *People v. Mackabee* (1989) 214 Cal.App.3d 1250, 1262 ["a single primary offense would not support two section 12022.1 enhancements – one for each of two secondary offenses"]; *People v. Nguyen* (1988) 204 Cal.App.3d 181, 196 ["Imposition of crime-bail-crime enhancements does not depend on the number of offenses charged in the information. Like a prior conviction, it may be added only once to the defendant's sentence."].)

The multiple on-bail enhancements are stricken and the case is remanded to the trial court for resentencing so that it can impose only one on-bail enhancement.

3. *Banks Was Properly Convicted of Murder With a Firearm Use Enhancement.*

Banks contends it was improper for him to be convicted of murdering Bucknor and, at the same time, to have a related firearm enhancement (§ 12022.53, subd. (d)) found true. There is no merit to this claim.

Banks argues: "The imposition of California's super-weapons enhancement (Pen. Code, § 12022.53, subd. (d)) on a defendant convicted of murder violates the 'multiple conviction rule' . . . as well as constitutional principles of Double Jeopardy. This is so

7

because the factual element essential to establishing that particular enhancement in order to increase the maximum punishment on the underlying murder by an additional 25 years-to-life is necessarily subsumed within the elemental components of the murder – the proximately caused death of the victim."

Banks urges the firearm enhancement imposed here violates the United States Supreme Court's decision in *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2348] (*Apprendi*). (AOB 43) As the Attorney General correctly notes, the California Supreme Court has twice rejected contentions indistinguishable from Banks's claim in *People v. Sloan* (2007) 42 Cal.4th 110, 115-124 (*Sloan*) and *People v. Izaguirre* (2007) 42 Cal.4th 126, 130-1344 (*Izaguirre*). Under the authority of *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455, these cases dictate our rejection of Banks's claim.

In *Sloan*, the defendant physically assaulted his wife and was convicted (among other crimes) of corporal injury on a spouse, assault by means of force likely to produce great bodily injury, and associated great bodily injury enhancements. The defendant contended that "under the rule prohibiting multiple convictions based on necessarily included offenses, also known as the multiple conviction rule, he could not be convicted of assault by means of force likely to produce great bodily injury and battery with serious bodily injury (counts II and III) because each can be viewed as a necessarily included offense of willful infliction of corporal injury on a spouse resulting in a traumatic condition (count I) *when enhanced with a great bodily injury finding*." (*Sloan*, *supra*, 42 Cal.4th at p. 115, fn. omitted.) Our Supreme Court rejected the defendant's claim, stating: "[T]his case involves multiple *charged* crimes. Accordingly, the statutory or legal elements test applies. Under that test, enhancements are neither recognized nor considered in determining whether the defendant can be convicted of multiple charged crimes based on necessarily included offenses." (*Id.* at p. 114.) *Sloan* also rejected the defendant's *Apprendi* argument, pointing out that it had "rejected the identical argument" in *Izaguirre*, *supra*, 42 Cal.4th 126. (*Sloan*, *supra*, 42 Cal.4th at p. 122.)

8

In *Izaguirre*, the defendant was convicted of first degree murder with a true finding on the enhancement allegation of personally using a firearm and causing death (§§ 187, 12022.53, subd. (d)). Similar to Banks, the defendant in *Izaguirre* argued "that the trial court at sentencing should have struck the enhancements rather than imposing or staying them, because the fact of firearm use had already been established through his conviction of first degree, drive-by shooting murder." (*Izaguirre*, *supra*, 42 Cal.4th at p. 130, fn. omitted.) In other words, the Supreme Court said, defendant was "arguing that *enhancements* themselves, rather than the convictions to which they attach, are subject to being struck under the multiple conviction rule. His argument is that, under *Apprendi*, . . . conduct enhancements are to be treated like offenses for purposes of fundamental due process . . . . [and] that conduct enhancements must be treated like necessarily included offenses for purposes of the multiple conviction rule." (*Ibid.*) The court disagreed: "To the extent the firearm-related enhancements in question stood to increase *punishment, Apprendi*'s holding, grounded on the Fifth Amendment right to due process and Sixth Amendment right to jury trial, requires only that they be tried to a jury and found true beyond a reasonable doubt, which they were." (*Izaguirre*, *supra*, 42 Cal.4th at p. 133.)

There is no merit to Banks's claim that *Apprendi* was violated by the imposition of a firearm enhancement in addition to his murder conviction.

**DISPOSITION**

Banks's convictions are affirmed; his sentence is vacated and the matter is remanded to the trial court for resentencing. Banks's habeas corpus petition is denied.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

ALDRICH, J.

LAVIN, J.

10