[No. B233444. Second Dist., Div. Four. Oct. 23, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
GONZALO ALARCON, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of the Facts and parts A. and C. of the Discussion.

**COUNSEL**

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Eric Reynolds and Lauren E. Dana, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MANELLA, J.**—Appellant Gonzalo Alarcon was convicted of attempted murder and shooting at an occupied motor vehicle. He contends the judgment must be reversed due to inadequacy of the evidence, instructional error, and the admission of irrelevant and inflammatory evidence. In the published portion of this opinion, we reject appellant's contention that under *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] (*Apprendi*), the gun enhancement allegations in the accusatory pleading required the trial court to instruct the jury regarding assault with a deadly

weapon as a lesser included offense of attempted murder. In the unpublished portions of the opinion, we reject his remaining contentions. We therefore affirm.

## RELEVANT PROCEDURAL BACKGROUND

On February 2, 2011, an information was filed charging appellant with the attempted willful, deliberate, and premeditated murder of Javier Partida (Pen. Code, §§ 187, subd. (a), 664), and with shooting at an occupied vehicle (Pen. Code, § 246).[1] Accompanying the counts was an allegation that appellant caused great bodily injury to Partida by personally and intentionally discharging a handgun (§ 12022.53, subd. (d)), together with other gun use allegations (§ 12022.53, subds. (b), (c)). In addition, the information alleged that appellant had suffered one prior felony conviction for purposes of section 667, subdivision (a)(1); had served one prior prison term for purposes of section 667.5, subdivision (b); and had two convictions for purposes of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). Appellant pleaded not guilty and denied the special allegations.

A jury found appellant guilty as charged and found the gun use allegations to be true. Appellant waived a jury trial on the prior conviction allegations. After dismissing one of these allegations, the trial court found the remaining prior conviction allegations to be true. Appellant was sentenced to a total term of 49 years to life.

## FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

Appellant contends (1) there was insufficient evidence to support his conviction for attempted willful, deliberate, and premeditated murder, (2) the trial court erred in failing to instruct the jury on assault with a deadly weapon as a lesser included offense of attempted murder, and (3) the trial court improperly admitted evidence that Partida feared appellant. As explained below, we reject these contentions.

### A. *Attempted Murder**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] All further statutory citations are to the Penal Code.

*See footnote, *ante*, page 432.

## B. *Lesser Included Offense*

Appellant contends the trial court erred in declining to instruct the jury regarding assault with a deadly weapon as a lesser included offense of attempted murder. Relying on gun use enhancement allegations accompanying the attempted murder count in the information, appellant argues that assault with a deadly weapon must be regarded as included within the charged attempted murder. For the reasons explained below, we reject this contention.

■ Generally, the trial court is obligated to instruct sua sponte on lesser included offenses that the evidence tends to prove, even if the parties object to the instruction on tactical grounds. (*People v. Breverman* (1998) 19 Cal.4th 142, 154–155 [77 Cal.Rptr.2d 870, 960 P.2d 1094] (*Breverman*).) For purposes of this rule, courts apply the so-called " 'accusatory pleading' " test, which "looks to whether ' " 'the charging allegations of the accusatory pleading include language describing the [charged] offense in such a way that if committed as specified [the proposed] lesser offense is necessarily committed.' " ' "[3] (*People v. Montoya* (2004) 33 Cal.4th 1031, 1035 [16 Cal.Rptr.3d 902, 94 P.3d 1098], quoting *People v. Lopez* (1998) 19 Cal.4th 282, 288–289 [79 Cal.Rptr.2d 195, 965 P.2d 713].) However, in *People v. Wolcott* (1983) 34 Cal.3d 92 [192 Cal.Rptr. 748, 665 P.2d 520] (*Wolcott*), our Supreme Court held that a gun use enhancement allegation in an accusatory pleading containing a robbery count could not be used to establish that assault with a deadly weapon was included within the charged robbery. (*Wolcott, supra*, 34 Cal.3d at pp. 100–102.) Following *Wolcott*, courts have concluded that under the accusatory pleading test, gun use and great bodily injury enhancement allegations accompanying an attempted murder charge do not render assault with a deadly weapon a lesser included offense of the charged attempted murder. (*People v. Parks* (2004) 118 Cal.App.4th 1, 6 [12 Cal.Rptr.3d 635]; *People v. Richmond* (1991) 2 Cal.App.4th 610, 616 [3 Cal.Rptr.2d 252].)

Appellant maintains that *Wolcott* was "overruled sub rosa" by *Apprendi, supra*, 530 U.S. 466 and *People v. Seel* (2004) 34 Cal.4th 535 [21 Cal.Rptr.3d 179, 100 P.3d 870] (*Seel*). In our view, this contention is mistaken. As explained below, *Apprendi* and *Seel* establish that an enhancement allegation specifies an element of a greater crime only for certain purposes *not* encompassing the accusatory pleading test.

---

[3] In certain other contexts, courts apply the so-called elements test to decide whether an offense is necessarily included within a charged offense. (*People v. Reed* (2006) 38 Cal.4th 1224, 1227–1228 [45 Cal.Rptr.3d 353, 137 P.3d 184].) "Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former." (*Ibid.*) This test is properly employed in determining whether a defendant may be convicted of multiple charged crimes. (*Id.* at p. 1231.)

In *Apprendi*, the defendant's sentence was doubled because the trial court found that racial animus had motivated the underlying crime. (*Apprendi, supra*, 530 U.S. at p. 471.) The United States Supreme Court held that enhancing sentences in this manner violated the rights to due process and to a jury trial afforded defendants under the Fifth, Fourteenth and Sixth Amendments of the United States Constitution. (*Apprendi*, at pp. 476–477, 490.) The court stated: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Id.* at p. 490.) On this matter, the court explained that "when the term 'sentence enhancement' is used to describe an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict." (*Id.* at p. 494, fn. 19.)

In *Seel*, our Supreme Court applied *Apprendi* in the context of the double jeopardy clauses of the federal and state Constitutions. There, a jury found the defendant guilty of attempted murder, and found true allegations that the attempted murder was willful, deliberate, and premeditated, and that the defendant had personally and intentionally discharged a firearm (§ 12022.53, subd. (c)). (*Seel, supra*, 34 Cal.4th at p. 540.) After the Court of Appeal concluded there was no substantial evidence of premeditation and remanded the premeditation allegation for retrial, the Supreme Court held that double jeopardy principles barred retrial of that allegation, stating that "*Apprendi* compels the conclusion that [the premeditation allegation] constitutes an element of the offense" for purposes of the double jeopardy clauses in the federal and state Constitutions. (*Seel*, at pp. 548–550.) In so concluding, the court overruled *People v. Bright* (1996) 12 Cal.4th 652, 669–671 [49 Cal.Rptr.2d 732, 909 P.2d 1354], which had relied in part on *Wolcott*.

However, since *Seel*, our Supreme Court has affirmed the vitality of *Wolcott* and the limited scope of *Apprendi*. In *People v. Sloan* (2007) 42 Cal.4th 110, 115–123 [64 Cal.Rptr.3d 137, 164 P.3d 568], the court held that enhancements may not be considered to determine whether an offense is necessarily included within another crime, for purposes of the rule barring multiple convictions based on lesser included offenses. In so concluding, the court discussed with approval an appellate court decision that relied on *Wolcott*, and rejected a contention predicated on *Apprendi*. (*Id.* at pp. 119–120, 122–123.) Furthermore, in a companion case, the court determined that *Apprendi* did not mandate that enhancements—in isolation from the charges that they accompany—are subject to the multiple conviction rule. (*People v. Izaguirre* (2007) 42 Cal.4th 126, 130–134 [64 Cal.Rptr.3d 148, 164 P.3d 578].) Later, in holding that *Apprendi* did not transform enhancement allegations into elements of greater offenses for purposes of a double jeopardy statute (§ 1023), the court underscored its rejection of "the notion that the

high court's 'functional equivalent' statement requires us to treat penalty allegations as if they were actual elements of offenses for all purposes under state law." (*Porter v. Superior Court* (2009) 47 Cal.4th 125, 137 [97 Cal.Rptr.3d 103, 211 P.3d 606].) Accordingly, neither *Apprendi* nor *Seel* undermined *Wolcott* and its progeny, which are dispositive here.

Appellant maintains that *Apprendi* must be viewed broadly to encompass the accusatory pleading rule, arguing that unless juries are instructed on assault with a deadly weapon under the circumstances presented here, courtrooms will function as " 'gambling halls,' " rather than as " 'forums for the discovery of truth' " (quoting *People v. Barton* (1995) 12 Cal.4th 186, 196 [47 Cal.Rptr.2d 569, 906 P.2d 531] (*Barton*)). In our view, this contention misapprehends the reach of *Apprendi*.

■   As explained in *People v. Birks* (1998) 19 Cal.4th 108, 118–119 [77 Cal.Rptr.2d 848, 960 P.2d 1073] (*Birks*), the rule requiring instructions on lesser included offenses flows from the trial court's duty under California law to provide instructions adequate for the case. The instructional rule implements this general duty in a manner that benefits both defense and prosecution. (*Id.* at p. 119.) The rule preserves the prosecutor's discretion over the offenses to be charged, ensures that the defendant has adequate notice of the offenses alleged, and prevents either party from "gambling on an inaccurate all-or-nothing verdict when the pleadings and evidence suggest a middle ground . . . ." (*Id.* at pp. 118, 127.) Regarding the latter interest, the Supreme Court has stated: "Our courts, we have stressed, ' "are not gambling halls but forums for the discovery of truth." ' [Citations.]" (*Id.* at p. 127, quoting *Barton, supra*, 12 Cal.4th at p. 196.)

■   Both before and after *Apprendi*, our Supreme Court has stated that this rule arises *only* under California law, insofar as it operates in noncapital cases. (E.g., *Breverman, supra*, 19 Cal.4th at p. 169 ["[T]he rule [in noncapital cases] requiring sua sponte instructions on all lesser necessarily included offenses supported by the evidence derives exclusively from California law."]; *People v. Rundle* (2008) 43 Cal.4th 76, 148 [74 Cal.Rptr.3d 454, 180 P.3d 224] ["[E]xcept for the limited situation in a capital case in which the state has created an artificial barrier to the jury's consideration of an otherwise available noncapital verdict, there is no federal constitutional right to instruction on lesser necessarily included offenses."], disapproved on another ground in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22 [87 Cal.Rptr.3d 209, 198 P.3d 11].) California law thus determines the balancing of interests reflected in the rule, including the weight properly attached to the interest in the discovery of truth. (See *Breverman, supra*, 19 Cal.4th at

pp. 155–156, 169; *Birks, supra,* 19 Cal.4th at pp. 118–119, 120–124.[4]) For this reason, *Wolcott* controls the application of the instructional rule, insofar as the rule relies on the accusatory pleading test.    ■    In sum, the trial court did not err in declining to instruct on assault with a deadly weapon as a lesser included offense of attempted murder.

### C.   *Testimony Regarding Partida's Fear of Appellant*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Epstein, P. J., and Suzukawa, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 23, 2013, S206935.

---

[4] We note that appellant appears to contend that *Apprendi* undermined *Birks,* which held that the court may not instruct on a lesser *related* offense over the prosecution's objection (*Birks, supra,* 19 Cal.4th at p. 136, fn. 19). As this holding is not relevant to our analysis, we do not examine appellant's contention.

[*]See footnote, *ante,* page 432.