Filed 10/17/14  P. v. Solis CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B250189 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA071623) |
| v. | |
| SAMMY BRICENO SOLIS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Affirmed as modified, remanded with directions.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

Sammy Briceno Solis appeals from a judgment and sentence, following his conviction for attempted murder. He contends the trial court erred in denying his request for an instruction on assault with a deadly weapon, because it was a lesser included offense of attempted murder. Under *People v. Wolcott* (1983) 34 Cal.3d 92 (*Wolcott*), assault with a deadly weapon was not a lesser included offense of the attempted murder charged in the information. As *Wolcott* controls, the trial court did not err. Appellant also contends the abstract of judgment should be amended to reflect the jury's verdict that the attempted murder was not willful, deliberate and premeditated. The People concede the error. Accordingly, we will order the abstract of judgment modified, and as modified, affirm.

# PROCEDURAL HISTORY

A jury convicted appellant of the attempted murder of Ronald Varela (Pen. Code, §§ 664, 187, subd. (a)).[1] It found true the allegation that appellant personally used a deadly weapon, a knife (§ 12022, subd. (b)(1)), and that he personally inflicted great bodily injury (GBI) upon Varela (§ 12022.7, subd. (a)). The jury found untrue the allegation that the attempted murder was willful, deliberate, and premeditated. Appellant admitted he had served two prior prison terms (§ 667.5, subd. (b)). The trial court sentenced appellant to state prison for 13 years, consisting of the upper term of nine years for attempted murder, plus one year for the weapon enhancement, plus three years for the GBI enhancement.

Appellant timely filed a notice of appeal.

---

[1] All further statutory citations are to the Penal Code, unless otherwise stated.

## FACTUAL BACKGROUND

A.  *The Prosecution Case*

Around mid-September 2011, Ronald Varela went to Carlos Alvarez's house for a barbeque. Alvarez, Alvarez's father, and appellant were in the backyard. Varela knew appellant, who was dating Alvarez's sister, and had seen him numerous times at Alvarez's house. After appellant drank about 10 shots of whiskey, he began arguing with Alvarez and bragging about being in the Mexican Mafia. Appellant also waved around a semi-automatic gun. He sprayed everyone with whiskey, which made Alvarez very upset. After Alvarez told appellant to stop, he sat down and continued drinking. Varela left, went to Alvarez's father's truck, and slept in the vehicle until the next morning.

About two weeks later, on September 29, 2011, Varela went to visit Alvarez. Alvarez told him to watch out for appellant because appellant believed that Alvarez and Varela had "jumped" -- beaten him up -- at the barbeque. Alvarez then walked Varela to the front gate. As Varela was leaving, he saw appellant parked across the street.

After Varela walked a short distance, appellant drove up, got out of his car, and walked over to him. Appellant accused Varela and Alvarez of jumping him. Varela denied doing so. Appellant then stabbed at Varela's upper chest, but the knife did not penetrate very far because Varela backed away. Varela asked, "What are you doing?" Appellant responded by trying to stab Varela in the middle of his chest, but Varela was able to avoid the weapon. Varela said, "What are you doing? I didn't have nothing to do [with] what you guys did that night." Appellant then stabbed Varela twice near his rib cage. After stabbing Varela, appellant ran to his car. Varela went back to Alvarez's house and told him to call 911.

An ambulance arrived and took Varela to the hospital. Dr. David Hanpeter treated Varela at the hospital. Varela had stab wounds at the base of his neck and in his upper back. He remained in the hospital for over a week and had multiple surgeries to treat his stab wounds.

Alvarez testified that a few days after the barbeque, appellant came by Alvarez's house and threatened him. On the day of the stabbing, Alvarez warned Varela about appellant. He told Varela to "watch your back because [appellant] is outside, and he's under the impression that you and I, you know, jumped him and he's out to get us." Alvarez then walked Varela to the front gate of his house and stayed at the gate. Alvarez saw appellant make a U-turn and drive past his house toward Varela. Alvarez was concerned for Varela. He ran into the house and told his mother to call 911. Alvarez grabbed a stick to go defend Varela, but his mother told him not to get involved.

Alvarez put down his stick and went toward the front of the house. He saw Varela walking toward him, staggering and holding his chest. Varela said, "He stabbed me." Alvarez saw appellant speeding away. Alvarez helped Varela sit down. Varela then collapsed to the ground; he was bleeding from his mouth and gasping for air. A 911 operator told Alvarez to wait for paramedics.

Maria Trinidad Alvarez, Alvarez's sister, was dating appellant and pregnant with his child at the time of the incident. In a written statement to the police, she said that appellant had told her to go to the DMV and put the title of his car in her name because he was wanted for questioning in the stabbing incident. She admitted pleading guilty to being an accessory after the fact to the stabbing.

B.    *The Defense Case*

The defense did not present an affirmative case. During closing argument, defense counsel argued there was no premeditation or deliberation or intent to kill.

## DISCUSSION

A.    *Assault with a Deadly Weapon as a Lesser Included Offense of Attempted Murder*

After both sides rested, defense counsel proposed a jury instruction based on CALCRIM No. 875, assault with a deadly weapon. The prosecution declined to agree to the proposed instruction. The trial court found the evidence did not warrant the instruction, and did not give the instruction. Appellant now contends the trial court erred in denying his request for an instruction on assault with a deadly weapon.

"'The trial court is obligated to instruct the jury on all general principles of law relevant to the issues raised by the evidence, whether or not the defendant makes a formal request.' [Citations.] 'That obligation encompasses instructions on lesser included offenses if there is evidence that, if accepted by the trier of fact, would absolve the defendant of guilt of the greater offense but not of the lesser.'" (*People v. Rogers* (2006) 39 Cal.4th 826, 866, quoting *People v. Blair* (2005) 36 Cal.4th 686, 744-745.) "Under California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser. [Citations.]" (*People v. Birks* (1998) 19 Cal.4th 108, 117.)

Under the "statutory elements" test, assault with a deadly weapon is not a lesser included offense of attempted murder, because an attempted murder can be

committed without using a deadly weapon. (*People v. Richmond* (1991) 2 Cal.App.4th 610, 616.) With respect to the "accusatory pleading" test, "enhancements may not be considered as part of an accusatory pleading for purposes of identifying lesser included offenses." (*People v. Sloan* (2007) 42 Cal.4th 110, 114, citing *Wolcott, supra*, 34 Cal.3d at pp. 101-102.) Thus, the knife use enhancement allegation may not to be considered in determining whether assault with a deadly weapon is a lesser included offense of attempted murder. (See *People v. Richmond*, *supra*, 2 Cal.App.4th at p. 616.) Because assault with a deadly weapon was not a lesser included offense of the attempted murder charged in the information, the trial court did not err in declining to give the proposed instruction on assault with a deadly weapon. (See *People v. Alarcon* (2012) 210 Cal.App.4th 432, 436 [despite gun use enhancement allegations accompanying murder count in the information, trial court did not err in declining to instruct jury regarding assault with a deadly weapon as a lesser included offense of attempted murder].)

Appellant contends that *Wolcott* is no longer good law, arguing that enhancement allegations are now elements of an offense under *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*) and its progeny. He further contends that the California Supreme Court's decision in *People v. Seel* (2004) 34 Cal.4th 535 (*Seel*) supports his argument. (See *id*. at p. 550 ["*Apprendi* now compels the conclusion that the premeditation allegation . . . constitutes an element of an offense"].) Appellant's contentions have been rejected by the California Supreme Court. (See *People v. Izaguirre* (2007) 42 Cal.4th 126, 132-134 [rejecting contention that *Apprendi* and *Seel* require that conduct enhancements be treated the same as the legal elements of the crime in defining necessarily included offenses under the multiple conviction rule]; *People v. Sloan*, *supra*, 42 Cal.4th at pp. 122-

6

123 [same].)  Additionally, this court recently concluded that *Wolcott* is still good law.  (*People v. Alarcon*, *supra*, 210 Cal.App.4th at p. 436.)

Moreover, any instructional error was harmless, as it was not reasonably probable that the error affected the verdict.  (*People v. Rogers*, *supra*, 39 Cal.4th at p. 867 [erroneous failure to instruct on lesser included offense in noncapital case is subject to harmless error standard set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836].)  The prosecution's case against appellant was strong.  Appellant had threatened to retaliate against Varela for having, as he believed, beaten him up.  He waited for Valera outside of Alvarez's house.  After Varela left the house, appellant drove up to him, got out of the vehicle and stabbed Varela in his neck and back.  The circumstances of the attack, lying in wait and stabbing near vital organs, evidenced an intent to kill.  (See *People v. Bolden* (2002) 29 Cal.4th 515, 561 [circumstances of attack, including fact that defendant stabbed vital areas, showed "defendant could have had no other intent than to kill"].)  On this record, it was not reasonably probable that the jury would have returned a more favorable verdict had it been instructed on the offense of assault with a deadly weapon.

### B.     *Abstract of Judgment*

The jury convicted appellant of attempted murder, but found untrue the allegation that the attempted murder was willful, deliberate, and premeditated.  The abstract of judgment, however, reflects that appellant was convicted of "[a]ttempted willful, deliberate, premeditated murder."  Appellant contends the abstract of judgment should be amended to properly reflect the jury's verdict.  The People concede the error, and request that this court order the abstract amended.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate courts may order abstracts of judgment corrected].)  Accordingly, we will order the clerk of the

7

superior court to amend the abstract of judgment to reflect that appellant was convicted of attempted murder, not attempted willful, deliberate, and premeditated murder.

## DISPOSITION

The abstract of judgment is amended to reflect that appellant was convicted of attempted murder and to delete the reference to "willful, deliberate, premeditated" murder. As modified, the judgment is affirmed. The superior court is directed to prepare an amended abstract of judgment and to forward a copy to the California Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, J.

We concur:

WILLHITE, Acting P. J.

COLLINS, J.

8