Filed 10/16/20  P. v. Perez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL ANGEL PEREZ,<br><br>    Defendant and Appellant. | E074013<br><br>(Super.Ct.No. RIF1800438)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Larrie R. Brainard, Judge. (Retired judge of the San Diego Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed with directions.

Christopher Nalls, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

After being pulled over in his vehicle by two Riverside County Sheriff's Department deputies, defendant and appellant, Miguel Angel Perez, leaned out of his driver-side window, pointed an assault style weapon at one of the deputies and fired several shots. As a result of this incident, defendant was convicted by a jury of one count of attempted murder (Pen. Code,[1] §§ 664, 187, subd. (a), count 1); one count of negligent discharge of a firearm (§ 246.3, subd. (a), count 3); and one count of possession of a firearm by a prohibited person (§ 29800, subd. (a)(1), count 4). Additionally, the jury found true allegations that in the commission of count 1, the victim was a peace officer (§ 664, subds. (e), (f)), and defendant personally discharged a firearm (§ 12022.53, subd. (c)); and in the commission of count 3, defendant personally used a firearm (§§ 667, 1192.7, subd. (c)(8)). Defendant was sentenced to a total of 23 years eight months, plus an additional 15 years to life in state prison.

The only issue contested on appeal is whether the trial court erred in failing to sua sponte instruct the jury on the offense of assault with a firearm (§ 245, subd. (a)(2)) as a lesser included offense of attempted murder. We find no error and affirm the judgment.

# II. FACTS AND PROCEDURAL HISTORY

A. *Facts and Charges*

On January 13, 2018, defendant was standing next to his parked vehicle at a gas pump when he was approached by two Riverside County Sheriff's Department

---

[1] Undesignated statutory references are to the Penal Code.

2

volunteers.[2]  The volunteers had followed defendant to the gas station after observing him driving on a highway at a high speed and running two stop signs.  They also observed defendant's vehicle had flickering tail lights and an extremely bright light bar, which they described as blinding.  After a brief verbal exchange, defendant drove off at a high rate of speed and fired 13 rounds from a firearm.

Shortly after this incident, two sheriff's deputies, driving two separate vehicles, caught up with defendant and pulled him over.  One of the deputies testified that defendant leaned out of his vehicle's window, pointed an automatic assault rifle at him, and shot three to five multishot bursts.  Defendant then sped away in his vehicle.  Eventually, defendant's vehicle hit a power pole and flipped multiple times, ejecting defendant from the vehicle.

Defendant was charged in an information with one count of attempted murder against each deputy (§§ 664, 187, subd. (a), counts 1 & 2); discharge of a firearm in a grossly negligent manner (§ 246.3, subd. (a), count 3); possession of a firearm by a prohibited person (§ 29800, subd. (a)(1), count 4); willful and unlawful possession of an assault weapon (§ 30605, subd. (a), count 5); and the unlawful possession of a large capacity magazine (§ 32310, subd. (a), count 6).  Additionally, the information alleged that in the commission of counts 1 and 2, defendant personally and intentionally discharged a firearm (§§ 12022.53, subd. (c), 1192.7, subd. (c)(8)) and knew or

---

[2]  Sheriff's volunteers are individuals who assist deputies with patrol and observation.  They wear a uniform and patrol in a sheriff's department vehicle, but they are not authorized to pull over vehicles.

reasonably should have known his victim was a peace officer (§ 664, subds. (e), (f)); that in the commission of count 3, defendant personally used a firearm (§ 1192.7, subd. (c)(8)); and that defendant had suffered two prior prison terms (§ 667.5, subd. (b)).

B. *Verdict and Sentence*

Following the presentation of evidence at trial, defendant moved to dismiss count 5, the prosecution moved to dismiss count 6, and the trial court granted both requests.

The jury returned a verdict finding defendant guilty on one count of attempted murder (§§ 664, 187, subd. (a), count 1);[3] one count of negligent discharge of a firearm (§ 246.3, subd. (a), count 3); and one count of possession of a firearm by a prohibited person (§ 29800, subd. (a)(1), count 4). The jury also found true allegations that in the commission of count 1, the victim was a peace officer (§ 664, subds. (e), (f)); that in the commission of count 1, defendant personally discharged a firearm (§ 12022.53, subd. (c)); and that in the commission of count 3, defendant personally used a firearm (§§ 667, 1192.7, subd. (c)(8)). Defendant was sentenced to a total of 23 years eight months, plus an additional 15 years to life in state prison.[4]

---

[3] The jury returned a not guilty verdict on the second charge of attempted murder in count 2.

[4] Specifically, the trial court imposed a sentence of 15 years to life on count 1 (§§ 664, 187, subd. (a)); a consecutive 20 years for the firearm enhancement (§12022.53, subd. (c)); a consecutive three years on count 3 (§ 246.3, subd. (a)); and a consecutive eight months on count 4 (§ 29800, subd. (a)(1)). Defendant was also sentenced to an additional 10 years for a firearm enhancement related to the commission of count 3, but the trial court stayed the execution of this sentence.

### III. DISCUSSION

On appeal, defendant claims the trial court erred in failing to instruct the jury on the offense of assault with a firearm (§ 245, subd. (a)(2)) as a lesser included offense to attempted murder. We disagree and find no error warranting reversal.

A. *General Legal Principles and Standard of Review*

"Under California law, trial courts must instruct the jury on lesser included offenses of the charged crime if substantial evidence supports the conclusion that the defendant committed the lesser included offense and not the greater offense. [Citations.] That duty exists because of the right under the California Constitution ' "to have the jury determine every material issue presented by the evidence" '—and the court's duty persists irrespective of whether the parties request such an instruction." (*People v. Gonzalez* (2018) 5 Cal.5th 186, 196.)

As explained by our high court, "[w]hether a trial court commits error by omitting an instruction on a lesser included offense depends not only on whether the evidence supports the possible commission of an alternative crime, but whether that alternative crime constitutes a 'lesser included offense' as we have defined it. We have established two tests for whether a crime is a lesser included offense . . . the elements test and the accusatory pleading test. [Citation.] Either of these tests triggers the trial court's duty to instruct on lesser included offenses. Under the elements test, one offense is another's 'lesser included' counterpart if all the elements of the lesser offense are *also* elements of the greater offense. [Citation.] Under the accusatory pleading test, a crime is another's 'lesser included' offense if all of the elements of the lesser offense are also found in the

5

*facts alleged* to support the greater offense in the accusatory pleading." (*People v. Gonzalez*, *supra*, 5 Cal.5th at p. 197.)

Conversely, a defendant does not have a right to instructions on lesser offenses that are merely related to, but not necessarily included in, the charged offense. (*People v. Foster* (2010) 50 Cal.4th 1301, 1343-1344; *People v. Birks* (1998) 19 Cal.4th 108, 136; *People v. Cash* (2002) 28 Cal.4th 703, 736-737.)

" 'We apply the independent or de novo standard of review to the failure by the trial court to instruct on an assertedly lesser included offense.' " (*People v. Campbell* (2015) 233 Cal.App.4th 148, 158-159.)

B. *Application*

As the People correctly note, "under the statutory definition of murder and the statutory test for lesser included offenses, assault with a firearm is not a lesser included offense of murder." (*People v. Cook* (2001) 91 Cal.App.4th 910, 919; see *People v. Nelson* (2011) 51 Cal.4th 198, 215 [assault with a deadly weapon not a lesser included offense of attempted murder].) Defendant does not contest this point; instead, he argues that assault with a firearm should be considered a lesser included offense of attempted murder under the accusatory pleading test because the information alleged a firearm enhancement (§ 12022.53, subd. (c)) accompanying the charge of attempted murder.

However, in *People v. Wolcott* (1983) 34 Cal.3d 92, 100-101 (*Wolcott*), the California Supreme Court unambiguously held that firearm enhancements "should not be considered in determining lesser included offense." (*Id.* at p. 101.) Defendant acknowledges this holding but argues that *Wolcott* has since been "fatally undermined"

6

by the United States Supreme Court in *Apprendi v. New Jersey* (2000) 530 U.S. 466

(*Apprendi*) and *Alleyne v. United States* (2013) 570 U.S. 99 (*Alleyne*).  We find this

argument unpersuasive.

Our colleagues in the Second District Court of Appeal considered and rejected the

very argument advanced by defendant here under almost identical circumstances in

*People v. Alarcon* (2012) 210 Cal.App.4th 432 (*Alarcon*).  In that case, the defendant was

charged with attempted murder and an accompanying firearm enhancement, and he

argued the trial court erred in failing to instruct the jury on assault with a deadly weapon

as a lesser included offense.  (*Id.* at p. 436.)  As here, the defendant argued that *Wolcott*

had been overruled by the United States Supreme Court in *Apprendi*.  (*Alarcon,* at

p. 436.)  In rejecting this argument, the Court of Appeal noted that *Apprendi* addressed a

criminal defendant's right to a jury determination of contested facts that could operate to

expand a defendant's sentence,[5] but it did not require the treatment of enhancements as

elements of the underlying offense for other purposes under state law.  (*Alarcon,* at

---

[5]  In *Apprendi*, the defendant was found guilty of an underlying offense by the jury and had his sentence doubled as the result of the trial court's subsequent findings in support of a sentence enhancement.  (*Apprendi*, *supra*, 530 U.S. at pp. 471, 474.)  In concluding that such procedure violated the defendant's right to a jury trial, the United States Supreme Court reasoned that, "when the term 'sentence enhancement' is used to describe an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict."  (*Id.* at p. 494, fn. 19.)  The United States Supreme Court later applied this same reasoning in the context of a firearm enhancement.  (*Alleyne*, *supra*, 570 U.S. at pp. 114-115.)  Defendant had a jury trial on the firearm enhancement in this case, thus fulfilling *Apprendi's* and *Alleyne's* requirements.

pp. 437-438.)  Importantly, our colleagues explained that the right to jury instructions on a lesser included offense is derived solely under state law and, as such, state law governs the circumstances under which such right arises.  (*Id.* at pp. 438-439.)  We find the reasoning in *Alarcon* sound and conclude it applies equally to the facts of this case.

Further, even after *Apprendi*, California authorities have continued to uphold the vitality of *Wolcott*.  The California Supreme Court continued to cite to *Wolcott* as authority for limiting the consideration of enhancement allegations as an element of an underlying offense.  (*People v. Sloan* (2007) 42 Cal.4th 110, 114-123 [citing to *Wolcott* and concluding enhancement should not be considered to determine whether an offense is necessarily included for purposes of the rule barring multiple convictions]; *People v. Izaguirre* (2007) 42 Cal.4th 130, 134 [citing to *Wolcott* and concluding use of enhancement allegations should not be considered to determine lesser included offenses for purposes of double jeopardy].)  Additionally, multiple published opinions by the Courts of Appeal have also continued to cite to *Wolcott* as controlling on the question of whether an enhancement allegation may be used to determine lesser included offenses for purposes of jury instructions.  (*Alarcon*, *supra*, 210 Cal.App.4th 432; *People v. Bragg* (2008) 161 Cal.App.4th 1385, 1397-1398 [confirming vitality of *Wolcott* and concluding that firearm enhancement allegations are not to be considered in determining necessary instructions on lesser included offenses]; *People v. Woods* (2015) 241 Cal.App.4th 461, 473 [same]; *People v. Boswell* (2016) 4 Cal.App.5th 55, 59-60 [same].)  Thus, it appears settled that enhancement allegations are not to be considered in determining whether a defendant is entitled to instructions as a lesser included offense under the accusatory

pleading test and we decline defendant's invitation to depart from these well-established authorities.

We conclude the trial court did not err when it did not instruct the jury on assault with a firearm, as this offense is not a lesser included offense to the charge of attempted murder. Because we find no error, we need not address defendant's contention that substantial evidence would have supported the instruction, or that he was prejudiced by the failure to instruct on an otherwise uncharged offense.

## C. *The Abstract of Judgment Should Be Corrected*

Finally, defendant contends that his conviction on two prior prison term enhancements must be "vacated" in light of subsequent amendments to Penal Code section 667.5, subdivision (b). At the time of sentencing in October 2019, the parties alerted the trial court to the fact that Senate Bill No. 136 (2019-2020 Reg. Sess.), amending Penal Code section 667.5, subdivision (b) (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020) and eliminating the imposition of enhancements for prior offenses that were not sexually violent in nature, would take effect prior to the time within which defendant's judgment would become final. The parties stipulated that defendant's prison priors should be stricken and the trial court accepted that stipulation and reduced defendant's sentence by two years. However, the enhancements are still reflected on defendant's abstract of judgment, albeit with a notation indicating the punishment for the enhancements have been stricken. The People concede, and we agree that defendant is entitled to the full benefit of a retroactively applicable ameliorative change in the law. (*In re Estrada* (1965) 63 Cal.2d 740; *People v. Superior Court (Lara)* (2018) 4 Cal.5th

299, 306-308.) Accordingly, we will order the abstract of judgment corrected to remove defendant's prison prior convictions pursuant to former section 667.5, subdivision (b).[6] (Stats. 2014, ch. 442, § 10.)

## IV. DISPOSITION

The trial court is directed to prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation. The amended abstract of judgment shall reflect the fact that defendant's convictions for violation of former section 667.5, subdivision (b), and not simply the punishment for violations of that statute, have been stricken. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

McKINSTER
Acting P. J.

RAPHAEL
J.

---

[6] Where "the Attorney General identifies an evident discrepancy between the abstract of judgment and the judgment that the reporter's transcript and the trial court's minute order reflect, the appellate court itself should order the trial court to correct the abstract of judgment." (*People v. Mitchell* (2001) 26 Cal.4th 181, 188.)