Filed 1/17/24  P. v. Murphy CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C098048 |
| v. | (Super. Ct. No. 17FE016652) |
| LADARIUS DAVON MURPHY, | |
| Defendant and Appellant. | |

A jury convicted defendant Ladarius Davon Murphy of attempted murder and unlawfully discharging a firearm from a motor vehicle.  The jury found that in committing the crimes, defendant intentionally and personally fired a gun causing great bodily injury.  The trial court sentenced defendant to a determinate prison term of seven years plus an indeterminate term of 25 years to life.

1

Defendant now contends that in connection with the attempted murder count, the trial court had a sua sponte duty to instruct on the lesser included offense of assault with a firearm.[1]  Finding no merit in the contention, we will affirm the judgment.

## BACKGROUND

Defendant's first jury trial resulted in a mistrial.  In the second trial, the People presented evidence that Calvin Barron drove defendant and G.G. to G.G.'s school to engage with rival gang members.  When they saw rival gang members, defendant fired multiple shots at them from the moving vehicle.  Z.C. was shot in the arm and stomach. Defendant later posted on social media about the shooting.

Defendant's defense was that he was not the shooter and was not involved in the attempted murder.  Given defendant's theory of the case, the trial court declined to instruct on attempted voluntary manslaughter, and no other lesser included instruction was requested.

The jury convicted defendant of attempted murder (Pen. Code, §§ 187, subd. (a), 664)[2] and unlawfully discharging a firearm from a motor vehicle (§ 26100, subd. (c)). The jury found that in committing the crimes, defendant intentionally and personally fired a gun causing great bodily injury.  (§ 12022.53, subd. (d).)  The trial court sentenced defendant to an aggregate prison term of seven years plus 25 years to life.

## DISCUSSION

Defendant contends that in connection with the attempted murder count, the trial court had a sua sponte duty to instruct on the lesser included offense of assault with a

---

[1]  In a footnote, defendant also suggests we should amend the abstract of judgment to reflect that the trial court struck a $300 restitution fine and a $300 parole revocation fine. The record does not establish that those fines were struck, but in any event, we need not address the purported contention because it was not presented in compliance with rules 8.360(a) and 8.204(a)(1) of the California Rules of Court.

[2]  Undesignated statutory references are to the Penal Code.

2

firearm.  We review defendant's claims of instructional error de novo.  (*People v. Parker* (2022) 13 Cal.5th 1, 66; *People v. Waidla* (2000) 22 Cal.4th 690, 733.)

A trial court has a sua sponte duty to instruct on all necessarily included offenses supported by the evidence.  (*People v. Breverman* (1998) 19 Cal.4th 142, 148-149, disapproved on other grounds in *People v. Schuller* (2023) 15 Cal.5th 237, 260, fn. 7.) A lesser offense is included in a greater offense if either the statutory elements of the greater offense or the facts actually alleged in the accusatory pleading include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser.  (*People v. Smith* (2013) 57 Cal.4th 232, 244; *People v. Birks* (1998) 19 Cal.4th 108, 117.)

It is well established, however, that assault with a firearm is not a lesser included offense of attempted murder.  (See, e.g., *People v. Parks* (2004) 118 Cal.App.4th 1, 6.) It is also well settled that "enhancements may not be considered as part of an accusatory pleading for purposes of identifying lesser included offenses."  (*People v. Sloan* (2007) 42 Cal.4th 110, 114 (*Sloan*) [applying multiple conviction rule], citing *People v. Wolcott* (1983) 34 Cal.3d 92, 96, 100-101 (*Wolcott*) [no sua sponte duty to instruct on assault with a deadly weapon as a lesser included offense of robbery, notwithstanding the firearm use enhancement].)  Therefore, assault with a firearm does not become a lesser included offense of attempted murder when the accusatory pleading includes firearm enhancement allegations.  (*Wolcott,* at pp. 96, 100-101; *People v. Alarcon* (2012) 210 Cal.App.4th 432, 436-439 (*Alarcon*) [assault with a firearm not a lesser offense of attempted murder with firearm enhancement]; *People v. Bragg* (2008) 161 Cal.App.4th 1385, 1398 [same].)

Defendant nevertheless argues that *Wolcott, supra*, 34 Cal.3d 92 must be overturned.  He claims it is inconsistent with *Apprendi v. New Jersey* (2000) 530 U.S. 466 and its reasoning is flawed and against public policy.

It is not our place, of course, to overturn a California Supreme Court decision. Moreover, *Apprendi* established that an enhancement allegation is the functional

equivalent of a greater crime for purposes that do not encompass the accusatory pleading test. (*Alarcon, supra*, 210 Cal.App.4th at p. 437.) *Apprendi* does not require us to "treat penalty allegations as if they were actual elements of offenses for all purposes under state law." (*Porter v. Superior Court* (2009) 47 Cal.4th 125, 137 [enhancements should not be considered in defining necessarily included offenses for double jeopardy protection, *Apprendi* notwithstanding]; *People v. Izaguirre* (2007) 42 Cal.4th 126, 128-129 [enhancement allegations may not be considered in defining necessarily included offenses for the multiple conviction rule, *Apprendi* notwithstanding]; *Sloan, supra*, 42 Cal.4th at pp. 122-123 [same].) We decline to depart from the long-established rule that enhancement allegations are not considered in defining lesser included offenses. (*Wolcott, supra*, 34 Cal.3d at pp. 96, 100-101.)

But defendant further argues that the equal protection clause requires courts to treat enhancement allegations as elements of an offense when applying the accusatory pleading test. He reasons that a defendant charged with a crime is similarly situated to a defendant charged with a crime and an enhancement, but only the former is entitled to a lesser included offense instruction.

"The concept of equal treatment under the laws means that persons similarly situated regarding the legitimate purpose of the law should receive like treatment. [Citation.] ' "The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' " (*People v. Morales* (2016) 63 Cal.4th 399, 408.)

Defendant does not establish that the state has adopted a classification that affects similarly situated groups in an unequal manner. *People v. Wolfe* (2018) 20 Cal.App.5th 673 (*Wolfe*) is instructive. There, the defendant, while driving under the influence, killed

4

a pedestrian, and was charged with murder on an implied malice theory. (*Id*. at p. 677.) The defendant requested that the jury be instructed on involuntary or vehicular manslaughter as lesser included offenses. (*Id*. at p. 685.) The trial court denied the request because involuntary and vehicular manslaughter were not lesser included offenses. (*Id*. at pp. 685-686.) On appeal from a murder conviction, the defendant argued the jury's all-or-nothing choice between murder and acquittal violated her right to equal protection. According to the defendant, if she had committed a homicide by a means other than a vehicle, an instruction on a lesser included offense would have been given and the jury would have had a choice between murder, manslaughter, and acquittal. (*Id*. at p. 686.) But the court in *Wolfe* said the defendant's argument was based on a faulty premise. (*Id.* at p. 687.) Not all defendants accused of implied malice murder by means other than a vehicle are entitled to a lesser included offense instruction. For example, no such instruction is required when unsupported by the evidence. (*Ibid*.) In such a case, a jury is presented with the same all-or-nothing choice, regardless of the instrumentality of the crime. (*Id*. at p. 688.) Thus, the defendant failed to establish the threshold requirement of disparate treatment. (*Ibid*.)

The same is true here. A lesser included offense instruction may be given only when there is substantial evidence in support of it. Not all defendants who are charged with attempted murder, but not enhancements, are entitled to lesser included offense instructions. Defendant has not established disparate treatment. (*Wolfe, supra*, 20 Cal.App.5th at pp. 687-688.)

Moreover, a person who commits attempted murder by means of an instrumentality other than a firearm is not similarly situated to a person who commits attempted murder by means of a firearm. There is a rational basis for treating gun use differently. The Legislature could reasonably find such persons present a greater danger to society. (See *Wolfe, supra*, 20 Cal.App.5th at pp. 688-690 [there is no fundamental right to lesser included offense instructions and there was a rational basis for the charging

5

scheme].)  As recognized in *Wolfe*, " 'neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles.' [Citation.]  . . .  '[N]umerous factors properly may enter into a prosecutor's decision to charge under one statute and not another . . . and so long as there is no showing that a defendant "has been singled out deliberately for prosecution on the basis of some invidious criterion," . . . the defendant cannot make out an equal protection violation.' " (*Id.* at pp. 689-690, citing *People v. Wilkinson* (2004) 33 Cal.4th 821, 838-839.)

Defendant's equal protection argument lacks merit.  (*Wolfe, supra*, 20 Cal.App.5th at p. 690.)

DISPOSITION

The judgment is affirmed.

/S/

MAURO, J.

We concur:

/S/

EARL, P. J.

/S/

BOULWARE EURIE, J.

6